[McCormick & Richardson v. Joseph & Anderson.]


# McCormick & Richardson *v.* Joseph & Anderson.

*Statutory Claim Suit, between Vendor and Sub-Purchaser.*

1. *Notice to attorney, as notice to client.*—Notice to an attorney, or knowledge acquired by him, to be operative as notice or knowledge by his client, must be given or acquired after the relation began.

2. *Secondary evidence of telegram.*—Oral evidence of the contents of a telegram can not be received, until a sufficient excuse has been shown for the non-production of the original dispatch.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellees in this case, wholesale dealers and manufacturers of flour in the city of Montgomery, instituted a statutory action against B. J. Chitty, to recover certain barrels of flour in his possession; the action being commenced on the 14th October, 1884. The flour was part of a car-load which the plaintiffs had shipped on the 23d September, 1884, to L. Manasses, a retail merchant doing business at Clayton, who had ordered it by mail; and the plaintiffs claimed the right to rescind the contract, and to recover the flour, on the ground that Manasses procured it by fraud, being insolvent at the time, and having no reasonable expectation of paying for it. The claimants were creditors of said Manasses, holding a note for $60, which contained a waiver of exemptions; and on the 9th October, 1884, their attorney, J. M. White, who held the note for collection, accepted eleven barrels of the flour in payment of it, and deposited the same with said Chitty for sale, being the flour here sued for. On the trial, F. Joseph, one of the plaintiffs, testifying as a witness for them as to the sale and shipment of the flour, and the subsequent forwarding of a bill of lading, stated that, about the 1st October, 1884, "plaintiffs received a telegram from Manasses in reference to the bill of lading for the flour; that said telegram had been lost or mislaid, and could not be found; that he had searched diligently for it among his papers, and in the places where such papers were kept, and was unable to find it. Here plaintiffs offered to prove by the witness the contents of said telegram; to which the

26

claimants objected, because the original in the office of the forwarding company was, in the absence of the copy received by plaintiffs, the best evidence of the contents of the message, and its absence or loss had not been shown." The court overruled the objection, and permitted the witness to testify; and he stated that the telegram was, in substance, " Send bill of lading for flour;" or, "Have not received bill of lading for flour—send it." The claimants moved to exclude this testimony from the jury, "because a sufficient predicate had not been laid for its admission;" and they duly excepted to the overruling of their several objections to the evidence. Manasses was afterwards introduced as a witness for the claimants, and testified, among other things, "that he sent a telegram on September 30th, as testified about by said Joseph, and received an indorsed bill of lading," This was all the evidence, so far as the bill of exceptions shows, in reference to the telegram.

It was shown that Manasses was insolvent at the time he ordered and received the flour, and he testified that he had been insolvent for several years, though he had always paid for former goods bought from plaintiffs. On the 2d October, 1884, he executed a mortgage to Edmondson & Brothers on a part of his stock of merchandise, "to secure $1,900 which they had paid for him on his matured bills, and to get $1,000 to pay bills maturing October 4th;" and being pressed by other creditors, on the registration of this mortgage, he conveyed the residue of his stock to his wife, by absolute bill of sale. J. M. White, claimants' attorney, was one of the attorneys who negotiated and prepared the mortgage to Edmondson & Brothers, and was also consulted in the preparation of the bill of sale to Mrs. Manasses; and he testified that, while negotiating and preparing these papers, he ascertained and was informed of the insolvency of Manasses. On these facts, the plaintiffs insisted that the claimants, at the time they received the flour from Manasses, were chargeable with notice of his insolvency; and they requested the court to charge the jury as follows: "Notice to the agent is notice to the principal; and if the jury believe from the evidence that said White acted as the attorney and agent of McCormick & Richardson in getting possession of the flour from Manasses, and at the time resided in Clayton, and had, a day or two before, prepared a bill of sale from Manasses to his wife, of goods to the amount of about $3,000, and had prepared a mortgage from Manasses to Edmondson & Brother,

conveying goods in his store in Clayton to secure a debt of about $2,900, which instruments said Manasses had signed a day or two before White took possession of the flour for McCormick & Richardson,—then the jury will find that McCormick & Richardson are chargeable in law with all the notice of these facts that White had." The claimants excepted to this charge, and requested the following: "The fact that White, as Edmondson's lawyer, was informed on the 2d October that Manasses was then insolvent, is not sufficient to put McCormick & Richardson on notice of his financial condition on the 23d September, because they bought the flour, by White, their attorney, on the 9th October, having employed him after October 2d." The court refused this charge, and the claimants excepted.

The rulings above stated, with others, are now assigned as error.

J. M. WHITE, for appellants, cited Gray's Com. Telegraph, §§ 132–3; Weeks on Attorneys, § 237; 3 Atk. 392, 294; *Pepper v. George & Co.*, 51 Ala. 190; *Terrell v. Br. Bank*, 12 Ala. 502; Story on Agency, § 140.

E. P. MORRISSETT, *contra*, cited *Whilden &. Son v. P. & M. Bank*, 64 Ala. 20; *Paysant v. Ware & Barringer*, 1 Ala. 170; 2 Whart. Ev., §§ 1091–3; *Wiley, Banks & Co. v. Knight*, 27 Ala. 336; *Distilled Spirits*, 11 Wallace, 366; *Nat. Bank v. Jeffries*, 73 Ala. 183; Wade on Notice, §§ 687–8; Benjamin on Sales, 3d Amer. ed., § 455, note *n*.

STONE, C. J.—1. It was early settled in this State, and has been since followed, that notice, or knowledge by an attorney, to carry home constructive notice to the client, must be shown to have been given or acquired after the relation of attorney and client was formed. It is not enough that the notice is first, and the retainer afterwards.—*Lucas v. Bank of Darien*, 2 Stew. 280; *Terrell v. Br. Bank*, 12 Ala. 502; *Frenkel v. Hudson*, 82 Ala. 158; Story on Agency, § 140. The case of *City Nat. Bank v. Jeffries*, 73 Ala. 183, is not opposed to this view. In that case, the information was obtained while the relation of attorney and client existed.

This must work a reversal of this case.

2. An excuse for the non-production of the original telegram should have been given, before proof of its contents was received.—Gray Com. by Tel., § 132; 1 Whart. Ev.,

§ 76; 2 *Ib.* § 1128; *Whilden v. Mer. & Pl. Nat. Bank,* 64 Ala. 1.

Reversed and remanded.