# American Mortgage Company of Scotland, Limited, *et al.* v. King.

*Bill in Equity to Cancel Mortgage as Cloud on Title.*

1. *Notary public; jurisdiction limited to county in which he is appointed.*—The jurisdiction of a notary public is limited to the county for which he is commissioned, and in the performance of his official functions he is restricted to that territorial area.

2. *Agent of borrower; authority to receive money loaned binds the borrower.*—When in an application for the loan of money, the borrower agrees to pay a third person, as his attorney, "a reasonable fee for taking the application, conducting the correspondence, making ample abstracts of titles to his lands, and securing and paying over the money" borrowed, he thereby constitutes such person his agent with authority to receive the borrowed money from the lender, and the embezzlement of the money by such agent, after it is delivered to him by the lender, for the purpose of paying it over to the borrower, is the loss of the latter; and the failure of the borrower to receive such money furnishes no ground for him to avoid a mortgage which was given by him to the lender to secure its re-payment.

APPEAL from the Chancery Court of Coffee.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by George W. King, on February 27, 1892, against The American Mortgage Co. of Scotland, Limited, and the Loan Company of Alabama. The prayer of the bill was to cancel two separate mortgages, executed by the complainant and his wife to the respective respondents, as clouds on the title of the complainant. The bill averred that the mortgage executed to The American Mortgage Co. of Scotland, Limited, was given to secure the payment of a loan of money by said company to the complainant, to-wit, $525; and that the mortgage to the Loan Company of Alabama was given to secure the payment of certain notes, which were given by the complainant to the Loan Company for the negotiation of a loan with The American Mortgage Company of Scotland, Limited. It was further averred in the bill that this loan was negotiated by one J. W. V. Manghen, who, as the bill avers, was the resident agent of the Loan Company in Dale County, for the purpose of

[American Mortgage Company of Scotland, Limited, *et al.* v. King.]

negotiating loans for it, and was its correspondent; that after the execution of the mortgage by the complainant, the money was paid to the said Manghen, but was never delivered to the complainant by him. It was also averred in the bill that the acknowledgment by the husband and wife to the execution of the mortgage was not made before an officer authorized to take and certify such acknowledgment.

The answer of the respondents denied these allegations of the bill, and set up that the said J. W. V. Manghen was duly appointed by the complainant as his agent, for the purpose of conducting the correspondence and negotiating the loan for him with the Loan Company of Alabama. There was attached as an exhibit to the answer of the respondents a written instrument duly signed by the complainant, which, after reciting that he had made application to the Loan Company for the negotiation of a loan, and the terms thereof, contained the following stipulation : "I agree to pay J. W. V. Manghen of Dale county, Alabama, as my attorney, fifteen dollars as a reasonable fee for taking this application, conducting the correspondence, and making complete abstracts of titles to my lands, and securing and paying over the money, and all such work in connection with this loan."

The evidence for the complainant was to the effect that he considered J. W. V. Manghen as the agent of the Loan Company, and that as such agent, the money which he had agreed to borrow was delivered to him, (said Manghen), who failed to deliver any of it to the complainant. The evidence for the respondents was that the money which the complainant had borrowed through the Loan Company of Alabama from The American Mortgage Co. of Scotland, Limited, was paid over to said J. W. V. Manghen, as the agent of the complainant.

On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for in his bill, and ordered that the mortgages described in the bill of complaint be set aside and annulled as clouds on the title of complainant. The respondents appeal, and assign as error this decree of the chancellor.

M. E. MILLIGAN, for appellant, cited *Ginn v. New Eng.*

[American Mortgage Company of Scotland, Limited, *et al.* v. King.]

*Mortg. Sec. Co.*, 92 Ala. 135; *Edinburgh Mortg. Co. v. Peoples*, 102 Ala. 241.

H. L. MARTIN, *contra.*

COLEMAN, J.—This litigation grew out of a transaction entered upon to secure a loan of money.

George W. King executed his promissory notes to The American Mortgage Company of Scotland, Limited, and secured the same by a mortgage on certain lands, which included his homestead. At the same time he executed his notes to the Alabama Loan Company, and also to one Manghen, and secured them by a mortgage on the same lands. The consideration of the notes to the Alabama Loan Company and to Manghen, was for services rendered in securing the loan of money. The bill seeks a cancellation of the mortgages as a cloud upon the title of complainant, and bases the right to relief upon two grounds: *first*, that complainant failed to receive the money; and, *second*, that the acknowledgment to the mortgage was taken and certified to by a notary public attempting to exercise such functions outside of the county in which he had jurisdiction to take and certify acknowledgments of deeds and conveyances.

In the matter of taking acknowledgments to conveyances, the jurisdiction and authority of a notary public, in this State, does not exceed that of a justice of the peace.—Code of 1886, §§ 1112, 1118; *Edinburgh American Land Mortgage Co. v. Peoples*, 102 Ala. 241. On this phase of the case made by the bill, it is sufficient to say, that complainant offered no evidence to sustain the averment of the bill.

As to the other ground of relief, the uncontroverted facts show, that the notes of complainant made payable to the respondent, The American Mortgage Company of Scotland, Limited, and secured by his mortgage were forwarded to and received by the latter, and in consideration therefor, it furnished the amount of money agreed to be loaned. Whatever may be the relations and liabilities of the Alabama Loan Co. and Manghen to complainant, the borrower, under the facts, the respondent, The American Mortgage Company of Scotland, Limited, was fully authorized to pay the money for the complainant as authorized by him. The proof on this point is

fuller than it was in the case of *Ginn v. New England Mortgage Security Company*, 92 Ala. 135, in which it was declared, under like circumstances as in the present case, that the money was paid over to the agent of the borrower. We are not able to draw a distinction favorable to complainant, between the case at bar and that of the *Edinburgh American Land Mortgage Co. v. Peoples*, 102 Ala. 241, *supra*. The same agent Manghen, acted in that as in the present case. The application of the borrower Peoples in that case contained the following provision, which is in the present application: "I agree to to pay J. W. V. Manghen as my attorney a reasonable fee for taking this application, conducting correspondence, and making ample abstract of title to my land, *and in securing and paying over the money*." Italics are ours. The court used this language: "This power and authority authorized Manghen, as the agent and attorney of Peoples, to receive the money from the loan company, and Peoples must bear the loss of his fraud and embezzlement." The cases are precisely alike. The proof shows that Manghen received the money for complainant and embezzled it. It may be a hard case on complainant, but hard cases should not make shipwreck of just principles. The lender was authorized to pay the money to the persons or agents authorized by the complainant to receive it for him. Having done so, its responsibility ceased. It would be manifest injustice to visit the loss upon the lender.

The decree of the chancery court is reversed, and the cause remanded that further proceedings may be had in conformity to this opinion.

Reversed and remanded.

HARALSON, J., not sitting.

