# Land Mortgage, Investment & Agency Company v. Vinson.

*Bill in Equity to Foreclose Mortgage.*

1. *Agent of borrower; authority to receive money loaned binds borrower.* When in an application for a loan of money, the borrower agrees to pay a third person as his attorney "a reasonable fee for taking the application, conducting the correspondence, making ample abstracts of title to his lands, and securing and paying over the money" borrowed, he thereby constitutes such person his agent with authority to receive money from the lender, and the embezzlement of the money by such agent, after it is delivered to him by the lender, for the purpose of being paid over to the borrower, is a loss to the latter; and the failure of the borrower to receive such money furnishes no ground for him to avoid the mortgage, which was given by him to the lender to secure its re-payment.

2. *Bill to foreclose mortgage; when proof of agency unnecessary.*— When material facts are distinctly averred in the bill, and are admitted in the answer of the respondent, this admission dispenses with proof of the facts so averred ; and where, on a bill filed by a loan company against a borrower to foreclose a mortgage executed by the latter, it is averred in the bill that the borrower made a written application for the loan, wherein he appointed a certain person as his agent to receive the money upon the consummation of the loan, and the defendant in his answer does not deny that he signed said application and that it contained all that was averred in the bill, the agency of the person who was alleged to have been appointed to receive the money need not be proved.

3. *Usury.*—A loan of money at legal interest, secured by note and

[Land Mortgage, Investment & Agency Company v. Vinson.]

mortgage, is not rendered usurious because the borrower's agent charged him commissions, which were deducted from the amount received; nor would such loan be usurious if the agent acted for the lender and deducted his commissions from the amount loaned, unless this was done with the knowledge and consent of the lender, or he derived some benefit from it, in addition to legal interest; nor is such loan rendered usurious because separate notes are taken for the accruing interest that bear interest from maturity; nor because it contains a stipulation for attorney's fee on foreclosure.

4. *Bill to foreclose mortgage; when improperly dismissed.*—Where in a suit to foreclose a mortgage on land, a part of which was embraced in a prior mortgage, previously foreclosed, the prior mortgagee was made a party defendant, and the prayer of the bill was that the balance due on the prior mortgage should be ascertained, in order that the complainant might pay it, the fact that under the pleadings and proof the complainant was not entitled to redeem from the prior mortgage does not authorize a dismissal of the complainant's bill entirely, if he was entitled to a foreclosure of his mortgage upon all of the lands which were not included in the prior mortgage.

APPEAL from the Chancery Court of Geneva.

Tried before the Hon. JERE N. WILLIAMS.

The Land Mortgage, Investment & Agency Company of America, Limited, filed the bill in this case on February 2, 1892, against the appellees, to foreclose a mortgage, which was executed to the complainant by Mark S. Vinson and his wife, Roxy Vinson. The facts as averred in the bill and as shown by the complainant's evidence were substantially as follows: The mortgage which was sought to be foreclosed was executed by the defendants, Mark S. Vinson and Roxy Vinson, on April 25, 1891. The mortgage contained the usual stipulations of mortgages executed to foreign loan companies. For the purpose of negotiating the loan for which the mortgage was given to secure, the borrower, Mark S. Vinson, made application to the Loan Company of Alabama, a corporation having its place of business at Selma, Alabama. In this application Mark S. Vinson agreed to pay the Loan Company of Alabama a certain commission for negotiating said loan, and also contained the following stipulation: "I agree to pay J. W. V. Manghen of Dale county, as my attorney, ten dollars as reasonable fee for taking this application, securing and paying over the money, and all such work in connection with this loan." The Loan Co. of Alabama succeeded in placing the loan applied for by the respondent, Vinson, with the

complainant. Thereupon the respondents, Vinson and wife, executed to the complainant several notes, the first of which was to mature on December 1, 1891, and executed the mortgage which is sought to be foreclosed to secure the payment of the several notes. In this mortgage, it was stipulated that, if Vinson failed to pay any one of the notes within twenty days from the date of maturity, the mortgagee company could, at its option, declare the whole debt due, and take possession of the property, and proceed to foreclose the mortgage. Vinson failed for more than twenty day after the maturity of the note due on December 1, 1891, to pay the same, and thereupon the mortgagee filed the present bill. Prior to the execution of the mortgage to the complainant, to-wit, on February 14, 1890, Mark S. Vinson and his wife executed a mortgage to one John R. Kelly, conveying therein a part of the lands which were embraced in the mortgage to the complainant. Said Kelly was made a party respondent to the bill; and in the prayer the complainant asked for a reference to ascertain the balance due Kelly upon said mortgage, and offered to pay the balance so ascertained. Upon the execution of the mortgage and the notes by Vinson, and the forwarding of them to the complainant by J. W. V. Manghen, through whom said Vinson negotiated the loan, the money was delivered to Manghen to be turned over to Vinson.

The respondent in his answer, set up the fact that Manghen was not his agent, nor was the Loan Company of Alabama his agent, but that he dealt with these parties, respectively, as agent and representative of the complainant; and that he had never received any of the money for which he had executed his notes and mortgage. He also interposed a plea of usury; but there was no evidence introduced to substantiate this plea. The evidence of the defendant showed that he had never received the money which was delivered to Manghen, but that upon the receipt of said money Manghen had absconded.

Upon the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered that its bill be dismissed. Complainant appeals, and assigns this decree as error.

M. E. MILLIGAN, for appellant.

No counsel marked as appearing for appellee.

COLEMAN, J.—The litigation in this case grew out of a loan of money by a foreign company to Mark S. Vinson,· procured for him by an Alabama brokerage company and a local agent or correspondent. The facts of this case, and in most of the cases where loans have been obtained from foreign loan companies, show that the lender did not deal with the borrower directly or through agents of the lender, but accepted propositions to borrow upon terms and securities offered by the borrower through brokers and local agents of his own selections. The relation and liabilities of the respective parties to each other were very clearly stated in the case of *Ginn v. New England Mortgage Security Company*, 92 Ala. 135, and affirmed in the case of *American Mortgage Co. of Scotland v. King*, ante, p. 358, and we see nothing in the present case to distinguish it from those cases in this particular respect. Our conclusion is, that the application of the borrower, and his appointment in writing, of the party to whom the money should be paid for him, were sufficient authority to the lender to pay over the money, for him, to the person who received it.

It was insisted by respondent, that the contracts which showed these representations and agreements on the part of the borrower could not be proven by the mere introduction of what purported to be copies of the original papers. These papers were not of that character to be self-proving, and the absence of the original papers was not sufficiently accounted for to authorize the introduction of copies. If this was all, we would be inclined to hold, that the complainant had failed in his proof on this point; but the rule is well established that when material facts are distinctly averred in the bill and are admitted in the answer, the admission dispenses with proof of the facts thus averred and admitted. The written agreement and application of respondent are averred in the bill, and extracts therefrom on the questions are set out therein. The defendant in his answer does not deny that he signed· the agreement and application and that they contained all that was averred in the bill. His answer to these averments is, that the instruments were

not read over to him, and that he did not know their contents. So far as the lender is concerned, the respondent was dealing with his own agents in these matters, and if he did not inform himself of the contents before signing and delivering them to be fowarded, he alone is responsible for such neglect.

The plea of usury in the loan is not sustained by the proof. The case is fully covered by the case in 92 Ala. 135, *supra*, and by what was decided in the case of *Edinburgh American Land Mortgage Co. v. Peoples*, 102 Ala. 241.

The court erred in dismissing the bill of complainant entirely; it was entitled to some relief. The extent of this relief depends upon other questions. A portion of the land mortgaged to complainant was encumbered by a previous mortgage to one Kelly. This latter mortgage was foreclosed, and the equity of redemption thereby cut off before complainant filed its bill. There was no right of redemption except the statutory right, and this was not available to complainant under the pleadings and evidence. We have no reason to doubt the *bona fides* of the Kelly mortgage and good faith in its foreclosure. The complainant was entitled to a foreclosure of its mortgage upon all the lands, not included in the premises mortgaged to Kelly.

The decree of the chancery court is reversed and the cause remanded, that the cause may be disposed of as herein indicated.

Reversed and remanded.

HARALSON, J. not sitting.