# Farmer *v.* The American Mortgage Co.

*Bill in Equity to have Set Aside and Cancelled a Mortgage,*

1. *Agent of borrower; negotiation of loan.*—Where one desiring to borrow money, employs a third person to negotiate his loan by a writing, in which, after reciting the employment of such person to negotiate the loan, he agrees to pay him a certain amount for his services, the person employed, and who successfully negotiates the loan which is secured by mortgage, is solely the agent of the borrower, and is, in no sense, the agent of the lender.

2. *Same; same; notice to such agent.*—Where one representing himself to be the owner of certain land, employs an agent to negotiate for him a loan, to be secured by a mortgage on said land, and such agent, in the line of his employment, examines the title to the land offered as security, for the purpose of inducing the making of the loan desired by means of his representations that his principal had a perfect title to such land, knowledge or notice acquired by or imputable to such agent in his examination of the title to the land of a defect in such title is the knowledge of and notice to the agent of the borrower, and can not be construed to be the knowledge of or notice to one who made the loan, relying upon the assurances of the borrower and his agent that the title to the land was in the borrower; and such knowledge or notice of the agent cannot prevent the lender to whom the mortgage was made from being a *bona fide* purchaser for value without notice.

3. *Husband and wife; adverse possession; invalidity of mortgage.*—Where a wife enters into possession of certain land under a deed intended and supposed to describe such land, but which, in fact, did not, and holds adversely for more than ten years, a mortgage of such land by her husband to secure a debt of his own is void.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on August 21, 1895, by the appellant, Elizabeth Farmer, against the appellee, the American Mortgage Company of Scotland, Limited, and one D. C. Farmer, the husband of the complainant; and sought to have set aside and cancelled a mortgage which was executed by D. C. Farmer to the American Mortgage Company, conveying certain lands which were described in the mortgage as follows : "The west half of the north-east quarter, and north half of west half of

south-east quarter of section 18, township 5, range 6 east." It was further averred in the bill that this mortgage was executed to the American Mortgage Company to secure a loan of five hundred dollars made by said company to D. C. Farmer, the complainant's husband; that the loan was negotiated by one Joseph H. Sloss, as agent of the Mortgage Company, and that the lands conveyed in the mortgage as above described, was the property of the complainant, but that the money obtained from the Mortgage Company was used by D. C. Farmer for his individual purposes for the payment of his private debts, and that none of it was ever used by the complainant or for her benefit. It was further averred that part of the property conveyed in the mortgage, to-wit, the west half of the north-east quarter of section 18, township 5, range 6 east, was property which had been conveyed to the complainant by her husband, D. C. Farmer, on October 2, 1867, by a deed signed by him, which was in words and figures as follows: "Know all men by these presents, that in consideration of the purchase money belonging to my wife, Elizabeth Farmer, for the piece of land on which we live, to-wit, the W. ½ of N.E. ¼ of section 18, T. 5, R. 6, E., containing 80 acres, more or less, that the said Elizabeth Farmer and her heirs are the rightful owners of said land. To have and hold against all demands that may hereafter come against it; and I, David C. Farmer, do hereby acknowledge that the foregoing conveyance is correct and true, and that I have no legal right or title in said land; that the said Elizabeth Farmer and her heirs are invested with the right of said land, to have and to hold forever." It was further averred and shown that the remainder of the lands conveyed in the mortgage, to-wit, the north half of the west half of the south-east quarter of section 18, township 5, range 6 east, was land which was owned by the complainant under a deed of gift from her father, Richard Burgess, dated January 6, 1875; that upon the execution of this deed by her father, she went into possession of the land and had remained in exclusive and hostile possession thereof, exercising acts of ownership ever since; that this deed from her father described the land as follows: "In section eighteen, township five, range 6 east, south-east quarter of the west half of the south-east quarter, containing twenty-five acres, more or

less, or east of Roseberry creek;" but it was intended to convey thereby the north half of the west half of the south-east quarter of section 18, and that she had been in possession of said land ever since the execution of said deed : that this deed from her father and his wife was duly acknowledged and recorded in the probate office of Jackson county, in which county the lands were situated. The bill then averred that upon default being made in the payment of the indebtedness secured by the mortgage, the property was sold under the power of sale contained therein, and the mortgagee became the purchaser thereof, and while no deed had been made to it, it claimed to be the owner of said property and had leased the west half of the north-east quarter of section 18, to the complainant's husband.

There was a decre *pro confesso* against D. C. Farmer, and the American Mortgage Company filed its answer in which it denied that Joseph H. Sloss was its agent in the negotiation of the loan by it to D. C. Farmer, but that said Sloss acted in the transaction as the agent of D. C. Farmer, being duly appointed in writing as such agent ; that the loan was made to and the mortgage taken upon the representation of D. C. Farmer that he owned the lands described therein, and without notice on the part of the Mortgage Company to any equity or claim by the complainant to said property.

The foreclosure of the mortgage, as averred in the bill, was admitted. The facts as to the execution of the deed to the complainant were shown to be true, as averred in the bill, and it was further shown that in the negotiation of the loan Joseph H. Sloss was employed by D. C. Farmer, as his agent, and was duly appointed thereto in writing. This writing, which was duly signed by D. C. Farmer, recited as follows : "Whereas, I have this day employed Joseph H. Sloss to negotiate for me a loan for five hundred dollars for a term of five years * * * * upon a mortgage securing the same, which shall be a first lien upon my farm in Jackson county, * * * . if said Joseph H. Sloss shall succeed," &c. It was further shown that D. C. Farmer made his written application for the loan and entered into other contracts incident thereto, such as are usually made in the negotiations for a loan from a foreign corporation.

[Farmer v. The American Mortgage Co.]

The other facts of the case are sufficiently stated in the opinion.

Upon the submission of the cause on the pleadings and proof, the chancellor rendered a decree denying the relief prayed for by the complainant, and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

W. H. Norwood and R. W. Clopton and Martin, Bouldin & Ashley, for appellant.—The testimony shows that the mortgagee was not a *bona fide* purchaser without notice. But the defendant denies the agency of Sloss, and he, Sloss, in his deposition, claims that he was the agent of the mortgagors and not the agent of the mortgagee. Be this as it may, the history of this case shows that the mortgagee accepted and in every way ratified the act of Sloss in the loan of the money.— *Taylor v. A. & M. Asso.*, 68 Ala. 229 ; *Galbreath v. Cole*, 61 Ala. 139 ; *Insurance Co. v. Peacock*, 67 Ala. 253 ; *R. R. Co. v. Hill*, 76 Ala. 303.

The American Mortgage Company was not a *bona fide* purchaser as against the complainant, and can not defeat the right here sought to be enforced. "To maintain the defense of a *bona fide* purchaser without notice, the purchaser must not only show a conveyance to himself, but he must go further and prove that his grantor was seized of a legal title superior to that shown by the plaintiff, and he is charged with notice of every defect which an examination of his vendor's claim of title would disclose."—3 Brickell's Digest, 809, § 158 ; *State v. Connor*, 69 Ala. 212 ; *Shorter v. Frazer*, 64 Ala. 74 ; *Craft v. Russell*, 67 Ala. 9 ; *Curry v. Amer. F. L. M. Co.*, 107 Ala. 429. The *onus* is on the purchaser to show that he has purchased such a title.—*Barton v. Barton*, 75 Ala. 400.

Even if the mortgagee was a *bona fide* purchaser without notice, it had not acquired the title of the complainant to the land, which had been deeded to her by her father. The mortgagor, at no time, had title or evidence of title, and the complainant, his wife, had been in adverse possession, claiming under said deed for more than ten years. Certainly as to this land, the complainant was entitled to the cancellation of the mortgage. *Rea v. Longstreet*, 54 Ala. 291 ; *Daniel v. Stewart*, 55 Ala. 278 ; *Armstrong v. Connor*, 86 Ala. 350.

CALDWELL BRADSHAW and JAMES E. WEBB, *contra.* Sloss, the person who negotiated the loan, was shown by the evidence not to have been the agent of the mortgagee, but the agent of the borrower.— *Ginn v. Security Co.,* 92 Ala. 135; *Mortgage Co. v. King,* 105 Ala. 358; *Land Mort. & Inv. Co. v. Vinson,* 105 Ala. 389.

McCLELLAN, J.—On the evidence in this case, Joseph H. Sloss was not the agent of the respondent, The American Mortgage Company of Scotland, in or about or in respect of the transaction whereby said company loaned five hundred dollars to D. C. Farmer and took a mortgage signed by said Farmer and his wife, the complainant, covering the land in controversy, to secure the payment of said loan; but, to the contrary said Sloss was employed by D. C. Farmer to secure the loan for him, and the former acted throughout the negotiation and to the consummation of the loan as the agent of the latter.—*Ginn v. New England Mortgage Security Co.,* 92 Ala. 135; *American Mortgage Co. v. King,* 105 Ala. 358; *Land Mortgage & Investment Co. v. Vinson,* 105 Ala. 389; *Edinburgh American Land Mortgage Co. v. Peoples,* 102 Ala. 241.

While acting as Farmer's agent and in the line of such agency he examined the title to the land, upon the security afforded by which he was endeavoring to obtain a loan for Farmer, with a view to giving assurances for Farmer that the latter's title to the land was perfect in order that persons engaged in the business of making loans on real estate security might be induced to lend Farmer five hundred dollars on this land. Knowledge or notice acquired by or imputable to Sloss, in this examination or because of matters disclosed by it, of the fact that the land belonged to Elizabeth Farmer, and not to her husband, D. C. Farmer, was knowledge of and notice to the agent of Farmer, and was neither the knowledge of nor any notice to the Mortgage Co., which subsequently made the loan relying upon the assurances of Farmer and his agent, Sloss, that the title to the land was in the borrower. There is no room in this case for the operation of the principle of ratification by one of the acts of another whereby that other becomes, now for then, so to speak, the agent of the person ratifying for all purposes in respect of the act done. The mere fact

[Farmer v. The American Mortgage Co.]

that the Mortgage Co. was induced to rely upon the representations of Sloss made to the *Corbin Banking Co.* in the application for a loan presented as the agent of Farmer, that the applicant had title to the land, was obviously no more an adoption of Sloss as its agent in examining Farmer's title than its reliance upon the representations of Farmer himself would have made the latter its agent, and charged the company with all his knowledge and notice of the claims of complainant. A party buying land *may* rely upon the vendor for an abstract or true representation of title, and the vendor may act in this behalf through an agent; and in neither case would the purchaser be charged with notice of secret equities known to the vendor or his agent but not communicated. Such would be an unusual but by no means impossible mode of proceeding; and the evidence shows it to have been the mode adopted here.

It follows from these considerations that the respondent was a *bona fide* purchaser for value without notice of the rights now asserted by Mrs. Farmer, and its rights are, therefore, superior to hers.

Affirmed.

## REHEARING.

In considering the application for rehearing, the court has reached the conclusion that what is said in the original opinion and the result reached thereon is inapplicable and incorrect in respect of that part of the land in controversy which is described as the north half of west half of southeast quarter of section 18, township 5, range 6 east. This land belonged to the complainant in fee. She had a legal title to it, and not a mere undisclosed equity in it. Having the possession of the land, it is of no consequence that her title was not evidenced by muniments, recorded or not, but rested on a possession derived from her father, under a deed intended and supposed to describe the land, but which in fact did not, and held adversely by her for more than ten years. The mortgage company purchasing only the title of the husband to any of the land, acquired no title to this land since the husband had no title in it; and no question of purchase for value without notice can arise as to it. The mortgage being to secure a debt of the husband is void as to this land of the wife; and she is entitled to the relief prayed in respect of it.

The decree below is reversed, and a decree will be here entered granting the relief prayed as to the north half of west half of southeast quarter of section 18, township 5, range 6 east, Jackson county.

Reversed and rendered.