(90 South. 286)

**ETHERIDGE v. CAFFEY.   (3 Div. 502.)**

(Supreme Court of Alabama.   Oct. 20, 1921.)

**Attorney and client ☞103—Attorney held to be agent of his client in procuring mortgage.**

Plaintiff's attorney had represented her in procuring a loan secured by a mortgage held by D., and she gave him authority to procure another loan and to use so much of the proceeds as was necessary to pay the existing mortgage, and paid him a fee for so doing. The attorney used money in his hands belonging to defendant, and, after retaining money to pay the mortgage, sent the remainder of the new loan to plaintiff, who ratified the undertaking to satisfy the mortgage held by D.   The attorney failed to pay the mortgage, and plaintiff on learning of his failure offered to pay the mortgage to defendant and asked for some indulgence.   *Held*, that the attorney was the agent of the plaintiff, and not of the defendant so as to prevent defendant from collecting the full amount of his mortgage.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Suit by Anna L. Demming against Mary E. Etheridge to foreclose a mortgage, with cross-bill by Mary E. Etheridge setting up payment of the mortgage and asking to redeem from a mortgage to Francis G. Caffey.   From a decree foreclosing both mortgages, defendant Etheridge appeals.   Affirmed.

The following is a brief history of the case: In 1909 Mary E. Etheridge executed to Mary A. Shouse a mortgage upon certain lands, and on January 8, 1912, there was a balance due on the mortgage of $400, with $32 interest. This was taken up through the intervention of W. C. Crumpton, a practicing attorney, and the mortgage transferred to Anna L. Demming.   In November, 1913, Crumpton advised Mrs. Etheridge that this mortgage would have to be paid, and he negotiated the loan from Francis G. Caffey for $1,000 through Crumpton, and on December 26, 1913,

she executed the mortgage to Caffey through Crumpton on the land, for $1,000, and on January 19, 1914, Crumpton wrote to Mrs. Etheridge, giving her a statement of the loan, sending her a check for $514, taking out his fee for negotiating the loan, the recording fee, and the amount of the N. L. Demming mortgage, and sent Caffey the notes and mortgages, together with a check for $5.56 accrued interest on this $1,000.   It appears from the testimony that Crumpton had been managing Mrs. Etheridge's business for a number of years, and that he applied to Mrs. Demming for a loan for Mrs. Etheridge, and later on, having some of Caffey's money to loan out, he loaned that to Mrs. Etheridge, but failed to pay Mrs. Demming the money retained for that purpose.   Crumpton died soon after this.   Mrs. Etheridge paid the amount of the Demming mortgage and the amount due Caffey, less the Demming mortgage, and appealed from the decree of the court, requiring her to pay the balance to Caffey; the insistence being that Crumpton was Caffey's agent and not Mrs. Etheridge's agent.

Lane & Lane, of Greenville, for appellant.

In withholding the money for the payment of the Demming mortgage, Crumpton was Caffey's agent, and not Mrs. Demming's.   201 Ala. 308, 78 South. 84; 204 Ala. 293, 85 South. 388; 119 Ala. 290, 24 South. 707.

Hamilton & Page, of Evergreen, D. M. Powell, of Greenville, and Francis G. Caffey, of New York City, for appellee.

Crumpton was Mrs. Etheridge's agent throughout the whole transaction.   201 Ala. 400, 78 South 196; 148 Ala. 434, 43 South. 797; 166 Ala. 657, 51 South. 943, 21 Ann. Cas. 1149.   He was the attorney of, and paid by, Mrs. Ethridge.   115 Ala. 358, 22 South. 151; 102 Ala. 241, 14 South. 656; 92 Ala. 135, 8 South. 388; 99 Ala. 612, 12 South. 810; 109 Ala. 548, 20 South. 331; 119 Ala. 290, 24 South. 707.

ANDERSON, C. J.   [1] We think that the appellant's own evidence establishes the fact that W. C. Crumpton was her agent in the negotiation of the loan with the appellee, Caffey, and that she expressly, or impliedly, delegated or authorized him to use so much of the Caffey loan as was necessary for the purpose of satisfying the existing mortgage held by Mrs. Demming, and that in undertaking to do this Crumpton was her agent and not Caffey's.   The appellant admitted that Crumpton had not only been her general attorney for many years, but represented her in procuring the loan represented by the mortgage held by Mrs. Demming, that he notified her of the maturity of this mortgage, and she employed, or authorized, him to procure an-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

other loan for her, and for the express purpose of using so much of the proceeds as was necessary to satisfy said existing mortgage, and that she agreed to, and did in fact, pay him a fee for this purpose. American Mortgage Co. v. King, 105 Ala. 358, 16 South. 889; Edinburgh Co. v. Peoples, 102 Ala. 241, 14 South. 656. True, we have no written contract here between Mrs. Etheridge and Crumpton, such as existed between the borrower and the attorney in the cases supra, but the facts and circumstances surrounding this transaction and the existing relationship between them brings this case within the influence of said authorities. Moreover, the record discloses a complete ratification by her of Crumpton's action in undertaking to satisfy the Demming mortgage out of the proceeds of the Caffey loan. Crumpton rendered her a statement disclosing an item of $432, withheld for the purpose of satisfying this mortgage, and as to which she acquiesced and trusted him to subsequently send or give her said mortgage. In addition to this, we find her, even after she found out that the Demming mortgage had not been satisfied, in effect assuming the responsibility for Crumpton's misconduct by offering to pay the Caffey mortgage in full and asking for some indulgence, and in no wise claiming or setting up a nonliability for the Demming mortgage because of Caffey's responsibility for the misconduct of Crumpton.

The case of Thompson v. Atchley, 201 Ala. 398, 78 South. 196, relied upon by appellant, while quite similar in some respects to the case at bar, has some vital points of difference. In the first place, Petty had been for years lending money for Mrs. Thompson, and she made the check for the full loan payable to Atchley, to be delivered to him by the bank upon the execution and delivery of Atchley's mortgage to her, thus relying upon Petty to see that the Humes mortgage was satisfied, and when he caused a deduction of this amount from the loan to Atchley he was acting primarily for her, and who was relying upon him to see that the Humes mortgage was satisfied, and the existence of which, the inference is, was known to Mrs. Thompson. Moreover, Petty by a certain written agreement undertook, for the mortgagee, to satisfy the Humes mortgage, thereby negativing the idea that he would or was acting for Atchley in this respect.

Again there was no element of estoppel by ratification on the part of Atchley in said case, such as has been successfully invoked against Mrs. Etheridge in the case at bar.

The decree of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.