(135 So. 430)

### COOPER & SONS MOTOR CO. v. KLEPSIG.
### 7 Div. 992.

Supreme Court of Alabama.
Dec. 11, 1930.

Rehearing Denied Jan. 29, 1931.

See also post, p. 252, 135 So. 431.

Merrill, Jones & Whiteside, of Anniston, for petitioner.

Bibb, Field, Field & Woolf, of Anniston, for respondent.

**GARDNER, J.**

The basis for this deceit action rests upon plaintiff's insistence that defendant's agent Jimmie Nunn in making the sale of the car to plaintiff knowingly misrepresented its model. Admittedly, the suit was not brought within the statutory period of limitations of one year (Code 1923, § 8949), but plaintiff's replication to the plea of the statute was that the fraud was not discovered until within less than one year before suit filed.

The defendant's request for the affirmative charge was refused, and the reversal of the judgment recovered by plaintiff rests solely

upon this action of the court—this upon the theory of a total failure of proof to support the replication. The conclusion of the Court of Appeals to this effect is based upon the doctrine of constructive notice to defendant by his agent, with citation of Hall & Brown Machine Co. v. Haley Furniture Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924.

As we read and understand the opinion of the court, it is conceded there is a conflict in the evidence as to the agency of James Klepsig, but that Jimmie Nunn's agency for the purpose of securing plaintiff's license for the car in October, 1927, was established by the undisputed proof, and it is therefore Nunn's knowledge by which plaintiff is held bound. The sale of the car was in June, 1927, and the license procured in October following. Nunn, who procured the license for plaintiff, was the Nunn who as agent for defendant consummated the sale of the car (according to plaintiff's insistence supported by his proof) by means of a false representation, knowingly made, that the model was that of the year 1928. The conclusion is inescapable therefore, from the language of the opinion here under review, that the evidence supports the view that Nunn knew the car was not a 1928 model at the time he undertook to procure plaintiff's license tag, and that any information acquired in regard to the model was prior to such license procurement, and, indeed, known by Nunn when he made the sale in the month of June previous.

In applying the doctrine of knowledge of the principal by constructive notice through the agent, we are persuaded the Court of Appeals overlooked the well-recognized rule, firmly established in this jurisdiction, that knowledge acquired by an agent prior to his agency is not notice to his principal of such facts and is not binding upon him. Hall & Brown Machine Co. v. Haley Furniture Co., supra; Robertson Banking Co. v. Brasfield, 202 Ala. 167, 79 So. 651; 2 Corpus Juris 867.

But still another principle, clearly related to the foregoing, is applicable. The same rule which denies the agent's power to bind his principal outside the scope of his employment equally denies the efficacy of notice to the principal through the knowledge of the agent whose employment does not relate to the matter in question. Or, to state it differently, and to use the language of the court in Alabama Western R. R. Co. v. Bush, 182 Ala. 113, 62 So. 89, 90, "an agent's notice or knowledge is not notice to his principal unless it is with respect to the very matter which the agent is employed to transact for the principal, and unless it comes to him while so engaged." Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101, is to like effect.

In Trentor v. Pothen, 46 Minn. 298, 49 N. W. 129, 24 Am. St. Rep. 225 (cited in Alabama West. R. R. Co. v. Bush, supra), the principle is stated in the following manner: "The facts of which the agent had notice must be within the scope of the agency, so that it becomes his duty to act upon them, or communicate them to his principal." And in the note to the Trentor Case, supra, citing Fairfield Savings Bank v. Chase, 72 Me. 226, 39 Am. Rep. 319, the same rule of law is expressed in the following language: "The notice or knowledge which is to bind the principal must be of some matter so material to the transaction as to make it the duty of the agent to communicate it to the principal." 24 Am. St. Rep. 233.

Leaving aside for the moment the fact that Nunn was already possessed of the knowledge of the model of the car at the time he applied for the license tag for plaintiff, and assuming that such knowledge was then acquired, yet we are not persuaded, under the foregoing principle, that such notice was of so material a matter as to make it his duty to communicate this knowledge to plaintiff, and therefore binding upon the latter. As to the license tag, the year model of the car was descriptive only, a mere incident in its acquirement. The matter of the agency was the procurement of the license and bore no relation to the year model of the car save as a mere incident by way of description. This mere descriptive matter was not of such materiality as to call for any action on the part of the agent or communication thereof to the principal.

Petitioner insists that as Nunn was the agent in the sale of the car, that when procuring the license he was but continuing the alleged fraud, committing an independent fraudulent act, and therefore any knowledge of his should not be held binding upon his principal (Tatum v. Commercial Bank & Trust Co., 193 Ala. 120, 69 So. 508, L. R. A. 1916C, 767; Robertson Banking Co. v. Brasfield, supra); but as the principles above referred to suffice for a disposition of the question at hand, it becomes unnecessary to consider this insistence, and it may therefore be pretermitted.

It results as our conclusion that the Court of Appeals erred in entering a reversal of the judgment for refusal of the affirmative charge for the reason therein indicated.

The writ will be awarded, the judgment of reversal set aside, and the cause remanded to the Court of Appeals for further proceedings therein.

Writ awarded; reversed and remanded.

All the Justices concur.