148 So. 148

### FLORENCE et al. v. CARR et al.
#### 6 Div. 273.

Supreme Court of Alabama.

March 30, 1933.

Rehearing Denied May 25, 1933.

Smyer, Smyer & Bainbridge, of Birmingham, for appellees.

Roy McCullough, of Birmingham, for appellants.

THOMAS, Justice.

The assignment of errors presents the action of the trial court in setting aside the verdict of the jury and granting the defendants a new trial.

The important question of fact was whether Mrs. Caldwell was chargeable with constructive notice, at the time of making a loan secured by a mortgage on the property in question, of an unrecorded deed to said property held by appellants.

There are certain questions of law and fact that enter into a determination of the foregoing question: (1) The authorities are collected in Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180, to the effect that knowledge acquired by an agent

prior to the commencement of his agency does not constitute notice to such subsequent principal. In Gunn v. Palatine Ins. Co., 217 Ala. 89, 114 So. 690, there was one phase passed upon which is here material. In Marx & Co. v. Bankers' Credit Life Ins. Co., 224 Ala. 249, 258, 139 So. 421, the recent authorities are collected, and it was there held that the managing officer of the collecting bank was not chargeable with knowledge of all details of a bank transaction, such as the presentation of a check; that the drawer's treasurer signing the check as the drawer's managing officer acquired knowledge of the method of presentment, and gave such information as "rebuttable presumption." Lawrence v. Tennessee Valley Bank, 224 Ala. 692, 695, 141 So. 664; Traders' Insurance Co. v. Letcher, 143 Ala. 400, 39 So. 271; Central of Georgia Railway Co. v. Joseph, 125 Ala. 313, 28 So. 35; Home Insurance Co. of N. Y. v. W. C. Scharnagel (Ala. Sup.) 148 So. 596. (2) The facts of which the agent has notice must be within the scope of the agency, so that it becomes his duty to act upon them or to communicate to his principal. Lawrence v. Tennessee Valley Bank, supra; Girard Fire & Marine Ins. Co. v. Gunn, supra; Cooper & Sons Motor Co. v. Klepsig, 223 Ala. 2, 135 So. 430; Hall & Brown Woodworking Mach. Co. v. Haley Furniture & Mfg. Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924; Robertson Banking Co. v. Brasfield, 202 Ala. 167, 79 So. 651; McCormick & Richardson v. Joseph & Anderson, 83 Ala. 401, 3 So. 796; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101; Alabama West. R. R. Co. v. Bush, 182 Ala. 113, 62 So. 89; Mundine v. Pitts' Adm'r, 14 Ala. 84; Pepper & Co. v. George, 51 Ala. 190; Scotch Lumber Co. v. Sage, 132 Ala. 598, 32 So. 607, 90 Am. St. Rep. 932; 2 C. J. p. 867, (3). (3) Where an agent occupies a dual relation, notice acquired by him in such other agency is not binding on the principal—this is sound in principle and necessary to a right conduct of the agency and fidelity to the respective principals. Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 661, 130 So. 180; Morris v. First National Bank of Samson, 162 Ala. 301, 50 So. 137; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101; Central of Georgia Railway Co. v. Joseph, 125 Ala. 313, 28 So. 35; Florence, Trustee, etc., v. De Beaumont, 101 Wash. 356, 172 P. 340, 4 A. L. R. 1565, 1568, 1608, and authorities. (4) The reason for these rules and exceptions thereto are stated in Commonwealth Life Ins. Co. v. Wilkinson, 23 Ala. App. 561, 563, 129 So. 300, 301, as follows:

"The general rule that notice to an agent of any matter connected with the agency is notice to the principal has at least two notable exceptions, as well established as the rule itself. The rule has no application where the agent is acting for himself, in his own interest, adversely to the interest of his principal; nor when the agent is engaged in committing an independent fraudulent act on his own account, and the facts to be imputed relate to this fraudulent act. The general rule is based upon the presumption that the agent will inform the principal in line with his duty, but no such presumption arises when the agent is acting for himself adversely to his principal, nor will he be presumed to communicate to his principal acts of fraud which he has committed on his own account in transacting the business of his principal.
* * *

"In the text, 2d Corpus Juris, 868 (549), the rule is stated thus: 'The rule that notice to an agent is notice to his principal does not apply when the circumstances are such as to raise a clear presumption that the agent will not transmit his knowledge to his principal; and accordingly, where the agent is engaged in a transaction in which he is interested adversely to his principal or is engaged in a scheme to defraud the latter, the principal will not be charged with knowledge of the agent acquired therein.' This rule finds support in a long array of decisions from many courts of last resort including several cases from U. S. Supreme Court, 2d Corpus Juris, 869 notes 10 and 11. Among these decisions are Scotch Lbr. Co. v. Sage, 132 Ala. 598, 32 So. 607, 90 Am. St. Rep. 932; Frenkel v. Hudson, 82 Ala. 158, 2 So. 758, 759, 60 Am. Rep. 736; Reid v. Mobile Bank, 70 Ala. 199; Am. Bankers' Ins. Co. v. Thomas, 53 Okl. 11, 154 P. 44."

The issue is whether Mrs. Caldwell had constructive notice of appellants' unrecorded deed of date of 1921, at the time the mortgage was made on May 12, 1927, or at the time of the extension of the mortgage on May 12, 1930, to May 12, 1933. The deed was filed for record on March 11, 1931.

█ The appellees insist that under no theory supported by the evidence can this notice be imputed to Mrs. Caldwell, the mortgagee. The cases in this jurisdiction—on agency—and applicable here are to the effect that where one desiring a loan makes known that desire to another who applies to the lender and consummates the loan, the intermediary is prima facie the agent of the borrower and not of the lender, "and justifies the lender in paying" the latter the amount of the loan [Thigpen v. Arant, 213 Ala. 516, 105 So. 644; Thompson v. Atchley, 201 Ala. 398, 78 So. 196, 79 So. 478; Robertson Banking Co. v. Brasfield, 202 Ala. 167, 79 So. 651; Land Mortgage Investment Agency Co. v. Preston, 119 Ala. 290, 24 So. 707; Land Mortgage, Investment & Agency Co. v. Vinson, 105 Ala. 389, 17 So. 23; American Mortgage Co. v. King, 105 Ala. 358, 16 So. 889; Edinburgh American Land Mortgage Co. v. Peoples, 102 Ala. 241, 14 So. 656], if he pays the

agent's commission for negotiating the loan, as was the fact in the instant case [Hamil v. American Freehold Land Mortgage Co., 127 Ala. 90, 28 So. 558; Land Mortgage Investment Agency Co. v. Preston, supra]; although he is acting as the general agent of the broker, but receives no compensation from the broker [Land Mortgage, Investment & Agency Co. v. Vinson supra; Thompson v. Atchley, supra; American Mortgage Co. v. King, supra; Edinburgh American Land Mortgage Co. v. Peoples, supra]; or if he employs such intermediary to examine the title to the property offered as security, or to discharge prior incumbrances. Farmer v. American Mortgage Co., 116 Ala. 410, 22 So. 426; Boyd v. Boyd, Administrator, 128 Iowa, 699, 104 N. W. 798, 111 Am. St. Rep. 215; 6 C. J. 447.

■ The evidence is undisputed that Montgomery Real Estate & Insurance Company, a partnership of which A. C. Montgomery was a member, was engaged in the business of a real estate and loan broker, or agent; that the mortgagor, Florence, employed Montgomery to procure the loan in question, and at this time Montgomery did not know from whom the loan would be procured; that as an agent for the mortgagor, Montgomery applied to the agent of the mortgagee for a loan; that the mortgagee's attorneys passed upon the abstract and approved that presented by the mortgagor, etc.

. The insistence of a scintilla of the evidence pointing to Montgomery as the agent of the mortgagor and the mortgagee was due to the fact that the latter's check was made payable to Montgomery Real Estate & Insurance Company to disburse, and such disbursement was made. The testimony of Montgomery and other witnesses is to the effect that there was no such agency of the mortgagee; that the mortgagor procured, compensated, and had Montgomery to clear the title by disbursements pursuant to the agreement and loan in question, doing what the borrower had obligated to do in closing the transaction. Etheridge v. Caffey, 206 Ala. 474, 90 So. 286. The testimony of Montgomery is positive as to his employment and that his principal was Florence. The evidence of Mrs. Florence was to the effect that several years before, Montgomery had prepared the unrecorded deed, and about a week before the loan was closed inquired about that conveyance. The latter observation is contrary to the decided weight of the evidence and its reasonable tendencies, and was within the rule of agency of Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180, and Lawrence v. Tennessee Valley Bank, 224 Ala. 692, 141 So. 664.

If it be assumed, for the sake of this tendency of the evidence, that Montgomery was acting in the line or role of a dual agency, not in the fact of the procurement of the loan, but in the disbursement of the proceeds thereof, and that he had knowledge of the years before and his casual inquiry a week before of the old deed (which he denies making), this did not overturn the other facts against imputed knowledge of the mortgagee.

We are of opinion, and so hold, that the trial court properly granted the new trial on the ground that the verdict was contrary to the law and the evidence, and indeed the defendant was entitled to the affirmative charge.

The judgment of the circuit court is, therefore, affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.