156 So. 582

## SALMON v. WHEELER.

### 2 Div. 532.

Court of Appeals of Alabama.

April 3, 1934.

Rehearing Denied May 8, 1934.

W. R. Withers, of Greensboro, and Reese & Reese, of Selma, for appellant.

R. B. Evins, of Birmingham, and E. V. Otts, of Greensboro, for appellee.

SAMFORD, Judge.

The cause was tried by the judge without a jury on the complaint and plea of the general issue in short by consent, with leave, etc. The evidence was as follows: The plaintiff introduced three promissory notes dated January 1, 1930, and due respectively January 1, February 1, and March 1, 1932, and payable to J. A. Blunt, with interest, at the First National Bank, Greensboro, Ala. Each note contained a waiver of exemptions as to personal property and for attorney's fees. Each of these notes was indorsed as follows: "Without recourse J. A. Blunt." The notes were on a printed form with blank spaces for the date, amounts, and dates payable. These blank spaces were filled out in typewriting. The words "with interest" in said notes were written in large letters with black lead pencil. The following evidence was offered and received as an agreed statement of facts:

"The defendant executed and delivered the notes described in the complaint and hereto attached on January 1, 1930; each in the sum of $100.00 payable to J. A. Blunt, due respectively January 1, 1932, February 1, 1932 and March 1, 1932; that the considera-tion of said notes was the rent of the building used as a hotel in Greensboro by defendant and of which (building) J. A. Blunt was the owner; that the property levied on by the sheriff under the writ of attachment was the property of defendant contained in said rented building and subject to landlord's lien for rent.

"That at the time of delivery of notes to J. A. Blunt, the words, 'with int.' did not appear on any of said notes the said words, after such delivery were added to or inscribed in said notes by J. A. Blunt; that thereafter and before maturity the First National Bank, Greensboro, Alabama, in the regular course of business as is hereinafter set out acquired for value said notes; that said bank has been duly closed and is in process of liquidation and the plaintiff as Receiver of said bank is entitled to all the rights and claims of said bank and to recover anything which may be owing on said notes; that at the time of the execution of said notes and at the time of the addition thereto of the words 'with int.' J. A. Blunt was president of said bank; that the addition of said words, 'with int.' to said notes was made without the knowledge, consent or concurrence of the defendant, or any of the officers or agents of said bank, other and except J. A. Blunt, its president; that at the time of the transfer of said notes said J. A. Blunt was esteemed in the community as a man of good character. At that time, and for a long time prior thereto, said Blunt was the president of said First National Bank, was the owner of a majority of its stock and was in control of its affairs and operations to the extent that the board of directors and officers followed all recommendations and suggestion of said Blunt, and he purchased said notes and received said transfer for said bank. Said transfer was subsequently approved by the Board of Directors on the recommendation of said Blunt, but without any examination of said notes by them. That said Blunt delivered said notes to the bank and took the money out of the bank's cash, or otherwise had the face amount applied to his benefit or credit by taking up matured notes, or payment of drafts or otherwise; he performing all of said acts; except such acts as he required to be done by a bank employee (not an officer) who was subject to his orders.

"At the meeting of the board of directors following said transfer, said transfer was approved by the said board on the recommendation of said Blunt, but without any examination of said notes by them. In the opera-

tion of said bank, all suggestions made by said Blunt to the Board of Directors were followed and all directions given by him to other officers were followed.

"No part of said notes has been paid after demand made before suit, payment having been refused. If Plaintiff is entitled to recover attorneys' fees they shall be $60.00."

It is conceded that the insertion of the words "With int." constitute a material alteration of the notes sued on and cannot be enforced by this plaintiff unless the bank, of which he is the receiver, was an innocent purchaser for value and without notice of the alteration. The right of the plaintiff to recover in this case turns upon the question as to whether the bank received notice of the alteration of the notes through its president, J. A. Blunt, who was the managing officer of the bank at the time of the transaction and acted for it as well as for himself. We have no disposition to depart or to deviate from the law as stated by this court in Commonwealth Life Insurance Co. v. Wilkinson, 23 Ala. App. 561, 129 So. 300, and quoted and approved by our Supreme Court in Florence v. Carr, 226 Ala. 654, 148 So. 148, supported by many other cases cited in the Florence Case, supra. But the rule, as stated in Commonwealth Life Insurance Co. v. Wilkinson, supra, is subject to two qualifications: (1) When the officer of the corporation, though he acts for himself, or a third person, is also the sole representative of the corporation in the transaction. (2) Where the corporation, even if it were held not to be chargeable with notice of the fraud of its officer, would, as a result of the whole transaction, be in a better position, etc. Brookhouse v. Union Pub. Co., 73 N. H. 368, 62 A. 219, 2 L. R. A. (N. S.) 996, 111 Am. St. Rep. 623, 6 Ann. Cas. 675. The case of First Nat. Bank v. Burns, 88 Ohio St. 434, 103 N. E. 93, 49 L. R. A. (N. S.) 764, is almost, if not quite, identical with the question here, and in that case the court said: "A corporation can act only through its officers and agents, and the knowledge of such officers and agents in the transaction of the corporation's business within the scope of their authority become at once the knowledge of the corporation." In other words, as was there said, he cannot unknow as a manager what he knows as a man.

There is no room in this case for the application of the principle that an officer dealing with a corporation on his own account is not presumed to communicate knowledge which it would be his interest to conceal and the corporation is not chargeable with such knowledge.

Blunt was the sole agent of the bank in the transaction with himself, and there was no one from whom information could have been concealed or to whom it could have been communicated. He was the sole representative of each party and each must have equal knowledge. First National Bank v. Blake (C. C.) 60 F. 78, cited in 49 L. R. A. (N. S.) 770 note.

In Tatum v. Commercial Bank & Trust Co., 193 Ala. 120, 69 So. 508, L. R. A. 1916C, 767, Mr. Justice Mayfield has a very exhaustive discussion of this question and in which the court reaches the same conclusion as we here announce.

It follows that the judgment of the circuit court is free from error, and the judgment is affirmed.

Affirmed.