141 So. 664

### LAWRENCE v. TENNESSEE VALLEY BANK.

8 Div. 379.

Supreme Court of Alabama.

March 24, 1932.

Rehearing Denied May 26, 1932.

Bradshaw & Barnett, of Florence, for appellant.

L. R. Timberlake, of Florence, for appellee.

**KNIGHT, J.**

Appellant, Lawrence, prosecutes this appeal from a judgment of the circuit court of Lauderdale county rendered on a verdict of the jury against him.

The evidence in the case shows that appellant executed to the Florence Scrap Metal Company, under date of November 12, 1929, his four negotiable promissory notes, each in the sum of $50, payable in thirty, sixty, ninety, and one hundred and twenty days thereafter, at the Tennessee Valley Bank. These notes were indorsed to the Tennessee Valley Bank before maturity. Default having been made in the payments of the notes at maturity, suit was brought thereon by the indorsee. The defendant originally filed six pleas; the first being the general issue. Plea 3 averred that the notes were without consideration, and also that the "party who transferred said notes to plaintiff had no title." And each of said pleas averred that the plaintiff, through its agent or servant acting within the line and scope of his employment, had knowledge of the facts when it claimed to have acquired the notes.

Plea 3, in so far as it averred that the party who transferred the notes to plaintiff had no title, falls within the class of pleas which must be verified, which was not done. Section 7663, Code.

No available objection to the plea was made, either by way of demurrer or motion to strike. Issue was joined thereon. To make good this plea, however, the defendant had the burden of proving: (1) That there was no consideration; (2) that the party who transferred them to plaintiff had no title; and (3) that plaintiff had knowledge of the facts, through its agent or servant acting

694

within the line and scope of his employment, at the time it acquired the notes.

The evidence shows without conflict that T. C. Hennessee, O. C. Hackworth, Tom Mayberry, and J. J. Holt undertook to form a corporation to be known as Florence Scrap Metal Company. They were to be the incorporators. The papers for the incorporation of the company were filed in the office of the judge of probate of Lauderdale county, but nothing further was done to complete the incorporation. Hackworth was, at the time the above proceedings were being had, the vice president and manager of the Tennessee Valley Bank.

The plaintiff filed replications one and two to defendant's pleas two to six, inclusive, and thereafter amended the replications by adding to each the following averment: "That the plaintiff acquired the notes before maturity, for value and in due course, and without any knowledge of any infirmity." Thereafter defendant filed plea 7.

■ Appellant's first insistence for error is that the court erred in sustaining plaintiff's objection to the following question propounded by defendant to the witness Holt: "Do you know of any authority you had to transfer title of these notes to the Tennessee Valley Bank?" The objection assigned by the plaintiff was: "It was immaterial and irrelevant." The defendant's plea 3 averred "that the party, who transferred said notes to plaintiff, had no title to them." While plea 3, in so far as it sought to put in issue the plaintiff's title to the notes, was not sworn to, and therefore subject to demurrer on motion to strike, yet plaintiff took issue thereon, thus making the plea, for the purposes of the case, material. With this plea in the case, the title of the party, the payee, who transferred the said notes, was an issue before the jury, not the title of the agent of the payee, who acted for the payee in making the transfer. Under the pleas in this case, the evidence called for relevant and material evidence. Confessedly, Holt assumed to transfer the notes to the plaintiff. If he had authority to do this, he must have known what authority he had. In the case of Somerall et al. v. Citizens' Bank, 211 Ala. 630, 101 So. 429, 433, this question was propounded to the plaintiff's president, while testifying as a witness in the case: "Did Mr. Crum have any authority to make any statement for the Citizens' Bank that this note was bought on any conditions?" This court held the question was not subject to the objection that it called for a conclusion of the witness, and that there was better evidence. The witness was permitted to answer the question, the court observing: "We do not construe the question as asking for the witness' opinion on a question of law; we construe it as asking whether as matter of fact there was any usage of the bank or any express authority on the subject of the cashier's

authority." Gould v. Oates Chair Co., 147 Ala. 629, 41 So. 675. We are therefore of the opinion that the court should have allowed the witness to answer the question, and, in sustaining plaintiff's objection to the question, it committed reversible error.

■■ It is also insisted that the court committed error in sustaining plaintiff's objection to the following question propounded by defendant to himself, when testifying as a witness in his own behalf: "When were they (referring to the notes) to become effective." The question manifestly called for a conclusion of the witness. The objection actually assigned by the plaintiff to the question was: "Because it was illegal, irrelevant, and immaterial, and the record speaks for itself, and is the best evidence." The question being objectionable as calling for a conclusion, and the court having declined to permit the witness to make answer, the fact that plaintiff may have assigned untenable grounds of objection cannot serve to put the court in error. Clark v. State, 217 Ala. 229, 115 So. 295; Adams v. Southern R. Co., 166 Ala. 449, 51 So. 987, 991.

In the case last cited, the court observed: "The trial court was not bound to cast about for the grounds of objection; but, if it did so and found tenable objection, appellant cannot complain." The writer confesses that he is not in sympathy or accord with this view of the law. He is of the opinion that, when one specific ground of objection is interposed, the objector thereby waives all other grounds. This seems to me to better comport with reason and fairness. While the writer entertains these views on the subject, he will yield those views out of deference to the recent holdings of this court. We hold that the court therefore committed no error in sustaining plaintiff's objections to said question.

■ Nor was there any error in the ruling of the court in refusing, on objection of plaintiff, to permit this question to the witness Lawrence, "Did not O. C. Hackworth as vice-president of the Tennessee Valley Bank at Florence, Alabama, know when they were to become effective." Ashford v. Ashford, 136 Ala. 633, 34 So. 10, 96 Am. St. Rep. 82. The question called for a conclusion of law as well as of fact in the case, and was therefore objectionable.

We have carefully considered all other questions presented by the record, on admission and exclusion of testimony, and which are assigned by appellant for error, and hold that the questions propounded by appellant, and to which objections were sustained, were either subject to objection, or that the evidence called for by the questions was thereafter admitted. The ruling of the court therefore involved no injury prejudicial to the defendant.

Under the evidence in this case, as shown by the bill of exceptions, the real and only question was, Did the plaintiff, at the time it acquired the notes, have notice of any infirmity in the instruments or defect in the title of the person negotiating them? The statute declares what shall constitute notice of an infirmity or defect in the title. Section 9082 provides: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

The evidence abundantly, and in fact without conflict, shows that Hackworth, the individual, was interested in, and one of the promoters of, a certain business enterprise, which was to be incorporated under the name of the Florence Scrap Metal Company. At the same time, Hackworth was the vice president and general manager of the plaintiff at Florence. There was no connection between the plaintiff and this new enterprise about to be launched under the name of the Florence Scrap Metal Company. The evidence shows, without dispute, that Hackworth, as one of the joint adventurers in the new enterprise, knew all about the efforts of the promoters of this new enterprise, and knew all about the circumstances under which the defendant executed and delivered the notes sued on to Holt. Holt was the designated agent of the subscribers to the capital stock of the proposed corporation to receive subscriptions for stock in the corporation. The notes were executed and delivered to Holt as such agent.

■ It was competent for defendant to show that the said Hackworth had taken part in the incorporation of the Florence Scrap Metal Company, and that his activities in the organization of that company gave him opportunity to know all about the notes executed by defendant, and to know the conditions under which they were delivered to Holt.

But the duties and interest of Hackworth as an incorporator of, or stockholder in, the Florence Scrap Metal Company were entirely separate and dissociated from his duties to plaintiff as its vice president and manager.

■ In Central of Ga. Ry. Co. v. Joseph, 125 Ala. 319, 28 So. 35, 37, this principle was there announced: "A corporation, like an individual, may be bound by knowledge or information given its agents; but this must be limited to such knowledge or information as comes to the agent in transacting the business of his principal, and is not to be extended to information or knowledge acquired by the agent, which he receives outside of the line of his duty, or while engaged in the transaction of his purely personal affairs. This principle is too thoroughly es-

tablished, and has been too long settled as a rule of law, by the decisions of this court, to now admit of controversy." Frenkel v. Hudson, 82 Ala. 158, 2 So. 758, 60 Am. Rep. 736; Goodbar, White & Co. v. Daniel, 88 Ala. 583, 7 So. 254, 16 Am. St. Rep. 76.

In the case of Hall & Brown Woodworking Mach. Co. v. Haley Furniture & Mfg. Co., 174 Ala. 190, 56 So. 726, 728, L. R. A. 1918B, 924, it is said, with the citation of many authorities to support the holding: "By a long line of decisions, this court is thoroughly committed to the rule that knowledge acquired by an agent prior to his agency, or in regard to matters outside the line of his duty, or while pursuing his own or some other person's business, is not notice to his principal of such fact or facts, and is not binding upon him."

And in the recent case of Girard Fire & Marine Ins. Co. et al. v. Gunn, 221 Ala. 654, 130 So. 180, 185, the above principles of law were applied, and held to be sound. In the latter case it was observed: "These pronouncements have not been departed from by later decisions; that is, it is settled in this state that notice to an agent, to be binding upon his principal, must have been acquired while the agent was (1) acting in the business of the principal, and (2) in the line and scope of his employment as such agent for that principal.

■ Hackworth undoubtedly occupied a dual relation; and, such being the case, notice acquired by him in his dealings exclusively with the Florence Scrap Metal Company could not, under any rule of law, be imputed to his other principal, the Tennessee Valley Bank. Morris v. First National Bank, 162 Ala. 301, 50 So. 137; Central of Ga. Ry. Co. v. Joseph, 125 Ala. 313, 28 So. 35. This holding accords with both reason and the necessities of such a situation.

The plaintiff by its replications set up that it acquired the notes, before maturity, in due course of business, and paid value therefor. The defendant thereafter filed plea 7 in the cause, which plea averred, among other things, that: "Plaintiff had knowledge of all these facts through its agent or servant while acting within the line and scope of his employment at the time it claims to have acquired title to said notes."

By the application of the principles of law above stated, it is clear that the defendant was not entitled to have the jury instructed in the terms of its refused charges, numbered from 1 to 7, and including charge A.

■ Under the evidence, a jury question, as to imputed notice to plaintiff, was presented, and required the submission of the cause to the jury.

Charge D was both misleading and abstract.

For the error heretofore pointed out in this opinion, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.