156 So. 584

## SALMON v. WHEELER.
### 2 Div. 44.

Supreme Court of Alabama.
June 21, 1934.

Rehearing Denied Oct. 4, 1934.

Winston R. Withers, of Greensboro, and Reese & Reese, of Selma, for petitioner.

E. V. Otts, of Greensboro, for respondent.

**PER CURIAM.**

The opinion of the Court of Appeals discloses that Blount was the sole representative of the bank, its alter ego, and the decision was properly rested upon the holding of the court in Tatum v. Commercial Bank & Trust Co., 193 Ala. 120, 69 So. 508, L. R. A. 1916C, 767, cited approvingly in First National Bank v. Laughlin et al., 209 Ala. 349, 96 So. 206, 207, where are the following observations: "It is the general rule that notice to an agent is notice to the principal except in matters as to which the agent is personally interested. There also seems to be a limitation upon the exception, which is that, notwithstanding the agent is personally interested, if he is the sole representative in the transaction and is in effect the alter ego, notice to him is imputable to the principal. This seems to be the substance of our holding in the case of Tatum v. Commercial Bank, 193 Ala. 120, 69 So. 508, and cases there cited. This case is also reported in L. R. A. 1916C, 767, and appears to be in harmony with the weight of modern authority."

The case of First National Bank v. Huntsville Bank & Trust Co., 213 Ala. 236, 104 So. 760, is to like effect.

---

The matter of sole representative, or whether or not the agent there was in effect the alter ego of the bank, does not appear to have been presented in Lawrence v. Tenn. Valley Bank, 224 Ala. 692, 141 So. 664, upon which petitioner places much reliance, and the question was of course not there considered or discussed.

The authorities relied upon by petitioner are therefore upon this principle to be differentiated from the instant case.

Manifestly, under the application of this principle, the bank had the actual knowledge referred to in section 9082, Code 1923, by reason of the knowledge of its alter ego, and the ruling of the Court of Appeals in no manner contravenes said section, nor sections 7717, 9144, Code 1923, nor title 12 of USCA § 1 et seq.

Let the writ be denied.

Writ denied.

GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.

---

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes