325 So.2d 167

**BIRMINGHAM BOYS' CLUB, INC.,**
a corporation

v.

**TRANSAMERICA INSURANCE COMPANY,**
a corporation.

**SC 1179.**

Supreme Court of Alabama.

Jan. 2, 1976.

James E. Simpson, Birmingham, for appellant.

Huie, Fernambucq, Stewart & Smith, Birmingham, for appellee.

JONES, Justice.

Does the executive director's ignorance of his corporation's liability insurance coverage excuse the corporation for not reporting an accident to the insurer as soon as practicable when the executive director failed to report the accident of which he had knowledge to the corporation's Board of Directors? Within the context in which this issue is here presented and argued, we answer, "no." We affirm.

The trial Court's declaration of rights favorable to the insurer was based on a stipulation of facts which we summarize as follows:

On August 12, 1972, James Bryan Layne, a minor, sustained personal injury to his right eye while on the "BB" rifle firing range at Camp Jimmy Goodwin, a summer camp owned and operated by Birmingham Boys' Club. The Boys' Club is a non-profit charitable organization which operates a center in Birmingham for underprivileged boys and the summer camp.

Herbert Peterson, the Executive Director of the Boys' Club, where he had been employed since 1948, was notified of the accident immediately but he did not know that his employer carried liability insurance. He, therefore, did not notify any member of the Board of Directors or the insurance carrier, Transamerica Insurance Company. The first notice of the accident to any executive officer, member of the Board of Directors, or officer of the Boys' Club was receipt of suits filed by the injured minor and his father on April 11, 1973. Notice was immediately given to Transamerica.[1]

The insurance policy contains the following condition:

"INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT

"In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company as soon as practicable."

Herbert Peterson had no decision-making powers and carried out ministerial acts under the direction of the Board of Directors of the Boys' Club. He managed the day center in Birmingham and reported to the Board of Directors. He was not an executive officer, director, or officer of the corporation.[2] Therefore, contends the Boys' Club, notice to Mr. Peterson was not notice to the insured as he was not an executive officer, director or stockholder of the defendant corporation as the term "insured" in the policy defines.

Before we proceed, we deem it appropriate to emphasize the narrow context within which the dispositive issue is here presented. Counsel for the Boys' Club admits: 1) The eight-month period between the occurrence and the notice to Transamerica is without factual dispute violative of the "as soon as practicable" condition of the policy; 2) prejudice vel non to the insurer resulting from the delay of notice is not raised as an issue; that is to say, we are not asked to revisit *American Fire & Casualty Company v. Tankersley,* 270 Ala. 126, 116 So.2d 579 (1959).

The trial Judge correctly narrowed the issue when he stated in his decree:

"It is clear that the accident or occurrence was not reported as soon as practicable if notice to Mr. Herbert Peterson, Executive Director of the Birmingham Boys' Club, was notice to the Birmingham Boys' Club."

The position of the Boys' Club is summed up in the following two paragraphs from its brief:

"Since Peterson was not among those defined in the plaintiff's policy as an insured, there was no duty on him to notify the insurance carrier.

"As Peterson did not know of any existing insurance coverage, he could not be expected or required to give notice and the defendant is, therefore, excused from the notice requirements in the policy."

---

1. From the treatment accorded the stipulation by both parties, it is apparent that the insurer had no notice of the accident from any source prior to April 11, 1973.

2. These statements are contained as factual conclusions in the stipulation of facts and are not legal issues for adjudication. We express no opinion as to their legal veracity nor as to Peterson's status as an insured.

The Boys' Club's assertion that Peterson was not an insured under the Transamerica policy is immaterial to this case. The controlling issue here is whether notice to Peterson is notice to the Boys' Club, and the resolution of that issue is a matter of corporation and agency law. The only way to communicate actual notice to a corporation is through its agents. Thus, a corporation is held responsible for the knowledge acquired by its agents while acting within the scope of their employment. *Lawrence v. Tennessee Valley Bank*, 224 Ala. 692, 141 So. 664 (1932); *Tennessee Coal, Iron & R. Co. v. Pope*, 21 Ala.App. 183, 107 So. 735 (1925). There is no question that Peterson, as Executive Director of the Boys' Club and manager of the camp at which Layne was injured, was the agent responsible for receiving notice of Layne's injury on behalf of the corporation. Therefore, we must conclude that the Boys' Club, a corporation, received notice of Layne's injury when Peterson received notice. Within the narrow context here presented, we hold that the trial Court did not err in upholding Transamerica's defense to the Boys' Club's claim under the policy in question.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur.