621 So.2d 246 (1993)
L.M.S.
v.
ANGELES CORPORATION, INC., d/b/a Forest River Apartments, et al.
1911413.
Supreme Court of Alabama.
March 12, 1993.
Rehearing Denied May 14, 1993.
J. Gullatte Hunter III of Ford & Hunter, P.C., Gadsden, for appellant.
James E. Turnbach of Turnbach & Warren, P.C., Gadsden, for appellees.
STEAGALL, Justice.
L.M.S. was raped by an intruder who came through the living room window of her apartment at the Forest River Apartments complex in Gadsden, Alabama. She sued Angeles Corporation, doing business as Forest River Apartments, and Capital Real Estate Management Company (collectively referred to as "Forest River"), alleging that Forest River negligently failed to maintain her apartment window in a safe condition and that this negligence resulted in the attack on her. The trial court entered a summary judgment for Forest River, and L.M.S. appeals.
A summary judgment is proper and must be affirmed on appeal if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 54(b), A.R.Civ.P. The primary issue on appeal is whether the trial court erred in determining that, as a matter of law, Forest River could not be held liable for the attack on L.M.S.
In Brock v. Watts Realty Co., 582 So.2d 438 (Ala.1991), this Court held that a landlord who has a statutory duty to maintain the safety of a tenant's apartment may be held liable for an attack on the tenant resulting from the landlord's breach of this duty.
L.M.S. contends that, under the Standard Housing Code of 1985, Forest River had a statutory duty to maintain her apartment windows in a safe condition. The 1985 Code states, in pertinent part:
"101.6MAINTENANCE.
"All buildings or structures, both existing and new, and all parts thereof, shall be maintained in a safe and sanitary condition. All devices or safeguards which are required by this Code in a building when erected, altered or repaired, shall be maintained in good working order. The owner, or his designated agent, shall be responsible for the maintenance of the buildings, structures and premises.
". . . .
"305.7WINDOWS AND DOORS.

*247 "Every window, exterior door and basement or cellar door and hatchway shall be substantially weather tight, water tight and rodent proof; and shall be kept in good working condition and good repair."
The City of Gadsden had adopted the 1985 Standard Housing Code as its own municipal housing ordinance; however, the ordinance adopting that Code specifically provided:
"(b) All provisions of the housing code shall be in force and effect on or after the effective date of this section; except that such code shall not apply insofar as contracts for construction entered into prior to such effective date."
The record shows that the Forest River Apartments complex was constructed before the effective date of the ordinance; accordingly, the trial court properly determined that Forest River owed no statutory duty to L.M.S. under the 1985 Standard Housing Code.
Absent such a statutory duty, a landlord may not be held liable for the criminal acts of third persons unless such acts were reasonably foreseeable. Brock. The basis for this rule has been that landlords and businesses should not be held liable for acts that could not have been anticipated. Brock.
In this case, the issue of foreseeability hinges on whether Forest River knew or should have known of the condition of L.M.S.'s window. L.M.S. submitted an affidavit stating that, soon after moving into her apartment, she informed a Forest River Apartments maintenance worker that her window was easy to open. She stated that neither the maintenance worker nor any other Forest River representative looked into her complaint. In her lease with Forest River Apartments was the following provision:
"17. REPAIR: You must notify us in writing of any defects in your apartment within seven (7) days from the date you first find the defect...."
The record shows that L.M.S. never filed a written complaint or otherwise gave formal notice regarding the window to anyone in the Forest River Apartments office. Forest River, however, produced no evidence to dispute L.M.S.'s statement that she gave actual notice to the Forest River agent who would be required to repair any defect in the window. Although she did not formally comply with the notice requirements, we hold that the evidence concerning her actual notice to the Forest River maintenance employee is sufficient to create a question of fact as to whether Forest River knew of a condition that could foreseeably result in the attack on L.M.S. Therefore, we reverse the summary judgment and remand this cause for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS, KENNEDY and INGRAM, JJ., concur.
ALMON, SHORES and HOUSTON, JJ., dissent.
ALMON, Justice (dissenting).
The plaintiff argues only that the summary judgment should be reversed because, she says, the Gadsden housing ordinances impose a duty and foreclose the issue of foreseeability. She relies on Brock v. Watts Realty Co., 582 So.2d 438, 441 (Ala.1991), in which this Court held that certain ordinances of the City of Birmingham "created a duty ... to maintain the locks ... because the resulting crime... was one the general risk of which was foreseeable." (Emphasis in original.) This Court's holding that the Gadsden ordinances are not applicable to this case should therefore end the matter and result in an affirmance. Even assuming that the appeal is not decided by this holding, the question would be whether the rape was foreseeable, not whether the defendants "knew or should have known of the condition of L.M.S.'s window," as the majority says. The judgment should be affirmed on this question also, because L.M.S. does not contend that the rape was foreseeable because *248 of similar incidents or for any other reason beyond the ordinances.
A defendant should not be held liable for the criminal acts of third parties except in limited, exceptional circumstances. See, e.g., Bailey v. Bruno's, Inc., 561 So.2d 509 (Ala.1990); Ortell v. Spencer Companies, 477 So.2d 299 (Ala.1985). The ordinances on which L.M.S. relies are not applicable to this case, and she has not attempted to show any exceptional circumstances that would allow her to recover. I would affirm the judgment.
SHORES, J., concurs.
HOUSTON, Justice (dissenting).
I would affirm. No statute, no liability.